UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FRATUS,<br>   Plaintiff,<br><br> v.<br><br>WEBB, et al.,<br>   Defendants. | Case No. 24-cv-03467 EJD (PR)<br><br>**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against prison staff at Salinas Valley State Prison ("SVSP") where he was previously housed. Dkt. No. 1. Plaintiff has paid the filing fee. Dkt. No. 14.

**DISCUSSION**

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was

violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

B.     **Plaintiff's Claims**

Plaintiff is suing the following Defendants: (1) Correctional Officer Ruiz; Correctional Officer Webb; Correctional Officer G. Gil; Correctional Office Molina; Sgt. Gonzalez; Nurse Campos; Nurse John Doe; Doctor John Doe #1; and Dr. John Doe #2. Dkt. No. 1 at 5-6.

Plaintiff claims that he was removed from SVSP's "Psychiatric Inpatient Program" on October 6, 2021, after he filed a grievance against a psychiatrist for messing with his medication and lying about him.  Id. at 6-7.  He left the hearing upset, threatening to sue: "if I hurt myself I can sue you, I'm gonna sue you, what if I go back to my cell and hurt myself you're gonna get in trouble." Id. at 7-8.  He was returned to his cell.  Id. at 8.  About 45 minutes later, 6-7 officers, "including Officers Gil, Ruiz, and Webb," came to Plaintiff's cell and ordered him to "cuff up" as he was being placed on suicide watch.  Id.  Plaintiff replied, "No. I am not suicidal. I am not cuffing up. Go away." Id.  Eventually Plaintiff complied by turning around with his hands behind his back, at which point the cell door was opened and "officers entered Plaintiff's cell swinging [and] throwing punches." Id.  Plaintiff alleges that he was "100% compliant, non-assaultive and non-resistive" while officers repeatedly punished him in the head.  Id.  His injuries included a bloody lip, black eye, limps, bumps, and bruises on his face and head.  Id.

Plaintiff was then informed that Nurse Campos would administer an injection of Haldol.[1]  Id. at 9.  Plaintiff pleaded not to receive the injection, asserting that he was entitled to the option of taking it orally before an injection was forced on him.  Id.  Nurse Campos responded that the doctor (John Doe) had ordered the shot, and then proceeded to inject Plaintiff with Haldol while officers held him down.  Id. at 10.

---

[1] Haldol is the brand name for Haloperidol, which is an antipsychotic drug used to treat schizophrenia and other psychotic disorders.
https://www.webmd.com/drugs/2/drug-5419/haldol-oral/details

2

The next day, October 7, 2021, Plaintiff was still on suicide watch. Id. When he pleaded to the doctor (John Doe #1) to be removed from suicide watch, the doctor refused. Id. at 11. The doctor also ignored Plaintiff's request for clothes as he was "freezing." Id. In protest, Plaintiff covered his window with toilet paper. Id. Officers came to his cell, ordering Plaintiff to take down the toilet paper and uncover his window; Plaintiff eventually complied. Id. Officers entered his cell, including Defendants Ruiz, Molina, and Gonzalez, and punched Plaintiff in the face and head; Officer Mendes was present and did not intervene. Id. at 11-12. Plaintiff had lumps, bumps, bruises on his face and head, and a bloody lip. Id. at 12. Nurse John Doe then entered his cell and injected Plaintiff with Haldol per "doctor (John Doe #2)'s orders," despite Plaintiff's protests. Id.

Based on the foregoing allegations, Plaintiff asserts violations of his rights under the Eighth Amendment based on Defendants' use of excessive force in violation of the Eighth Amendment and the involuntary administration of medication in violation of the Fourteenth Amendment and Eighth Amendment. Plaintiff's allegations are sufficient to state such claims. See Hudson v. McMillian, 503 U.S. 1, 6 (1992) (prisoner has Eighth Amendment right to be free from excessive force); Washington v. Harper, 494 U.S. 210, 221-22 (1990) (recognizing inmate's liberty interest in freedom from unwanted antipsychotic drugs).

With regard to Doe defendants, although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wiltsie v. Cal. Dep't of Corrections, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. See Gillespie, 629 F.2d at 642; Velasquez v. Senko, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). Here, it appears that Plaintiff may be able to identify the appropriate Defendants by name through discovery. Therefore, Plaintiff shall be given an opportunity

to identify John Doe Defendants through discovery and file a motion to amend to add their proper names to this action in the time provided below.

## CONCLUSION

For the reasons set forth above, the Court orders as follows:

1. The following defendant at SVSP shall be served:

    a. **Correctional Officer Ruiz**

    b. **Correctional Officer Webb**

    c. **Correctional Officer G. Gil**

    d. **Correctional Officer Molina**

    e. **Sgt. Gonzalez**

    f. **Nurse Campos**

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint and any attachments thereto, (Dkt. No. 1), this order of service, a CDCR Report of E-Service Waiver form and a summons. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service

Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

    2.    No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

        a.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

        b.    **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See <u>Woods v. Carey</u>, 684 F.3d 934, 940 (9th Cir. 2012).**

    3.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

    Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See <u>Ghazali v. Moran</u>, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

4.     Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

5.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6.     All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

7.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

8.     While conducting discovery, Plaintiff is directed to attempt to ascertain the name of John Doe Defendants, and file a motion to substitute the complaint with these Defendants' proper names **no later than fifty-six (56) days** from the date this order is filed. Failure to do so will result in the dismissal of the claims against these John Doe Defendants for failure to state a claim for relief.

9.     It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10.    Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: December 30, 2024

EDWARD J. DAVILA
United States District Judge